**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENNY RONDONUWU,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-953<br><br>Agency No.<br>A200-991-916<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2023**
Seattle, Washington

Before: TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

Henny Rondonuwu, a native and citizen of Indonesia, conceded removability under 8 U.S.C. § 1227(a)(1)(B). She seeks review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying her application for asylum, withholding of removal, and CAT relief. We have jurisdiction under 8 U.S.C. § 1252(a), and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. Rondonuwu did not mention suffering any physical mistreatment when describing perceived incidents of persecution in her application materials. But when Rondonuwu appeared before the IJ, she testified that she was subjected to numerous incidents of domestic violence because of her Christian beliefs. The IJ "provid[ed] specific and cogent reasons" to support its finding that Rondonuwu lacked credibility because of her inconsistent testimony. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009)). And nothing in the record otherwise compels the conclusion that Rondonuwu is credible. *See Khadka v. Holder*, 618 F.3d 996, 1001 (9th Cir. 2010).

Substantial evidence also supports the agency's denial of asylum, withholding of removal, and CAT relief. Rondonuwu has failed to produce any credible evidence that she has faced, or will face, an individualized risk of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1064–65 (9th Cir. 2009) (requiring some "specifically individualized evidence" even where petitioner is a member of a disfavored group). And the remainder of the record does not compel the conclusion that it is more likely than not that Rondonuwu will be tortured. *See Shrestha*, 590 F.3d at 1048–49.

**PETITION DENIED.**

2